EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Frank Bonnelly Sagrado y Ninoska Liriano Díaz<br><br>Peticionarios<br><br>v.<br><br>United Surety & Indemnity Company<br><br>Recurrido | Certiorari<br><br>2021 TSPR 93<br><br>207 DPR ____ |

Número del Caso: AC-2021-17


Fecha: 29 de junio de 2021


Tribunal de Apelaciones:

     Panel Especial


Abogados de la parte peticionaria:

     Lcda. Claudia Rosa Ramos
     Lcdo. Juan Saavedra Castro
     Lcda. María del C. Irizarry Marqués




Materia: Sentencia con Opinión disidente.




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Frank Bonnelly Sagrado y
Ninoska Liriano Díaz

     Peticionarios

       v.                  AC-2021-17     *Certiorari*

United Surety & Indemnity
Company

     Recurrido

SENTENCIA
(Regla 50)

En San Juan, Puerto Rico, a 29 de junio de 2021.

Examinada la *Segunda moción de reconsideración* presentada por la parte peticionaria, y ya habiéndose acogido anteriormente el recurso de apelación presentado como uno de *certiorari*, se expide el auto de *certiorari* en reconsideración y sin ulterior procedimiento conforme a la Regla 50 del Reglamento de este Tribunal, 4 LPRA Ap. XXI-B, R. 50 (2012), se revocan las determinaciones emitidas el 8 de noviembre de 2019 por el Tribunal de Primera Instancia y el 18 de noviembre de 2020 por el Tribunal de Apelaciones, y se devuelve el caso al Tribunal de Primera Instancia para evaluar y resolver el mismo en conformidad con lo resuelto por este Foro en Feliciano Aguayo v. MAPFRE Panamerican Insurance Company, 2021 TSPR 73, 207 DPR ____ (2021).

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez hace constar la expresión siguiente:

La Jueza Presidenta Oronoz Rodríguez disiente del trámite que adoptó este Tribunal para resolver este caso por medio de una Sentencia escueta, de un párrafo, en la cual no se exponen los hechos

particulares del caso ni se lleva a cabo el análisis jurídico aplicable.

Si bien una Mayoría de este Tribunal tomó una postura en <u>Feliciano Aguayo v. MAPFRE Panamerican Insurance Company</u>, 2021 TSPR 73, 207 DPR ____ (2021), sobre la normativa aplicable a los casos de seguros producto de los huracanes Irma y María, la Sentencia que hoy se emite no dispone de un tracto fáctico expreso que le permita a las partes y a los foros recurridos evaluar si en este caso se incumplió con lo dispuesto por este Tribunal en <u>Feliciano Aguayo v. MAPFRE Panamerican Insurance Company</u>, supra.

No representa los mejores intereses de las partes, ni de los foros inferiores el despachar estos asuntos sin un análisis concienzudo. Algunos de estos casos llevan más de un año ante la consideración de este Tribunal por lo que corresponde que ejerzamos nuestra función constitucional, mediante el análisis individualizado que ameritan.

La determinación de si en un caso particular se configuraron los requisitos de la figura de pago en finiquito descansa en sus circunstancias particulares. Por lo tanto, no puedo estar de acuerdo con que decidamos de un plumazo, mediante una Sentencia genérica, el mismo resultado para todo caso con una controversia similar. Por entender que el mecanismo que adoptó este Tribunal para disponer de la controversia es uno inadecuado y contrario a nuestro mandato constitucional, me veo compelida a disentir.

La Jueza Asociada señora Pabón Charneco emitió una Opinión disidente.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Frank Bonnelly Sagrado y otros<br><br>     Recurridos<br><br>          v.<br><br>United Surety & Indemnity Company<br><br>     Peticionaria | | AC-2021-0017 |

Opinión disidente emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 29 de junio de 2021.

Disiento de la determinación que hoy emite este Tribunal al acoger la *Segunda Moción de Reconsideración* presentada por la parte peticionaria con el efecto de revocar las Sentencias emitidas por los foros inferiores y devolver el caso para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

Luego de examinar el expediente y los hechos particulares de este caso, solamente puedo concluir que se configuran todos los requisitos para aplicar la doctrina de pago en finiquito y desestimar el pleito. En consecuencia, confirmaría la Sentencia del Tribunal de Apelaciones.

I

El 18 de septiembre de 2018, el Sr. Bonelly Sagrado y la Sra. Ninoshka Liriano Díaz, (peticionarios) presentaron

una Demanda por incumplimiento de contrato y daños en contra de United Surety & Idemnity Company (USIC o aseguradora). Alegaron que son dueños de una propiedad inmueble asegurada por una póliza emitida por USIC la cual sufrió daños como consecuencia del Huracán María. Por tal razón, los peticionarios reclamaron a USIC una indemnización por los daños sufridos en su propiedad asegurada. Sin embargo, alegaron que USIC se ha negado a cumplir con sus obligaciones contractuales bajo la póliza. Señalaron que el agente de USIC que inspeccionó la propiedad realizó un estimado de daños deficiente pues subestimó las pérdidas sufridas pagando una cantidad menor a la que correspondía según la póliza. Asimismo, sostuvieron que la aseguradora ha actuado de manera dolosa y temeraria, demostrando mala fe contractual al negarse a pagar la cubierta y hacer falsas representaciones para evitar cumplir con sus responsabilidades como aseguradora. Así, argumentaron que USIC incurrió en prácticas desleales contrario a las disposiciones del Código de Seguros, 26 LPRA sec. 2716a.

Por su parte, el 5 de marzo de 2019, USIC presentó una *Moción de Desestimación*. Adujo que procedía la desestimación del pleito, toda vez que los peticionarios carecían de una causa de acción que justifique la concesión de un remedio. A esos efectos, indicaron que el 18 de octubre de 2017, un agente de USIC inspeccionó la propiedad y valoró los daños en $20,659.75. El 8 de noviembre de 2017, USIC expidió un cheque de $10,459.75 a favor de los peticionarios, el cual

correspondía a los daños estimados menos el deducible. Inconformes, los peticionarios solicitaron una primera reconsideración en la que incluyeron una cotización de los daños. En respuesta, USIC reconsideró su estimado inicial y emitió un segundo cheque por $38,985.05. Aún en desacuerdo, el 24 de mayo de 2018, los peticionarios solicitaron una segunda reconsideración. Dicha revisión conllevó un tercer cheque por $13,080.00. Finalmente, sostuvieron que los peticionarios endosaron y depositaron los tres cheques, configurándose así la doctrina de pago en finiquito y el cierre de la reclamación.[1]

En respuesta, el 12 de julio de 2019, los peticionarios presentaron una *Oposición a moción de desestimación*. Sostuvieron que no procedía aplicar la figura de pago en finiquito en las circunstancias específicas de este caso, toda vez que el Código de Seguros invalida el uso de dicha doctrina para solucionar controversias entre un asegurado y su aseguradora. Además, señalaron que la oferta de USIC se trató de una suma líquida y exigible que no podía ser retirada de acuerdo con el Código de Seguros, por consiguiente, adujeron que no se cumple el primer requisito de que sea una cantidad ilíquida para el pago en finiquito. De igual forma, aludieron que el contrato de transacción llevado a cabo entre las partes carece una causa lícita por

---

[1] USIC adjuntó a su *Moción de Desestimación* los siguientes documentos: Cheque Núm. 5000574, Cheque Núm. 5009445, Determinación de Reconsideración de 23 de abril de 2018, Carta de 24 de abril de 2018 notificando el "*Proof of Loss*" y el cheque por $38,895.05, Estimado de Daños, cheque endosado, Cheque núm. 5010839 y un *Aviso Suplemento Formulario de Reclamación Artículo 27.230 Ley #18*.

lo que el mismo no surte efecto alguno. Finalmente, adujeron que USIC no demostró la inexistencia de hechos materiales en controversia para desestimar el pleito sumariamente.[2]

El foro primario celebró una Vista argumentativa a los efectos de dilucidar la *Moción de Desestimación* sobre pago en finiquito. De la *Minuta* de la referida vista surge que los peticionarios argumentaron, por un lado, que la *Moción de Desestimación* bajo la Regla 10.2, *infra*, tenía que cumplir con los preceptos de la Regla 36. 2 de Procedimiento Civil,32 LPRA Ap. V, R. 36.2, en cuanto a los requisitos de una *Moción de Sentencia Sumaria*. La aseguradora se opuso. Sin embargo, el foro primario expresó que da por sometida la controversia la cual resolvería por escrito.

En atención a los señalamientos de las partes, el 12 de noviembre de 2019, el Tribunal de Primera Instancia notificó una Sentencia mediante la cual desestimó la Demanda instada por los peticionarios con perjuicio en virtud de la Regla 10.2 de Procedimiento Civil, *infra*. El foro primario determinó que la reclamación de los peticionarios se extinguió cuando estos endosaron y depositaron los cheques productos de su reclamación. En ese sentido, concluyó que, de haber existido algún grado de inconformidad, lo correcto hubiese sido la devolución del dinero a USIC y continuar con su reclamación.

---

[2] Los peticionarios acompañaron su *Oposición a Moción de Desestimación* con los siguientes documentos: *Declaraciones Juradas* y *Estimados de Daños*.

Inconformes, los peticionarios recurrieron ante el Tribunal de Apelaciones. En síntesis, sostuvieron que el foro primario erró al determinar que se habían configurado los elementos necesarios para aplicar la doctrina de pago en finiquito y desestimar la demanda con perjuicio.

El Tribunal de Apelaciones confirmó el dictamen emitido por el foro primario. En lo atinente, el foro apelativo intermedio determinó que se cumplieron todos los elementos de la doctrina del pago en finiquito. Primero, determinó que la existencia de una controversia *bona fide* se cumplió porque existían daños reclamados por los peticionarios. Asimismo, señaló que el segundo requisito se cumplió cuando la aseguradora les ofreció a los peticionarios tres (3) cheques en distintas fechas, que totalizaron $62,434.75. Por último, adujo que se cumplió con el tercer requisito cuando los peticionarios endosaron y cobraron los tres (3) cheques en conjunto como pago final de la reclamación, sin llevar a cabo una reclamación ante el tribunal. Señaló que ello constituyó una aceptación como pago final de la reclamación. A esos efectos, el foro apelativo intermedió expresó que mediante el último cheque se les apercibió a los peticionarios de lo siguiente:

> La aceptación y/o endoso, cobro de este cheque constituye liquidación total y definitiva de la reclamación a que se hace referencia en la faz del cheque. En virtud de este pago, la compañía queda liberada de dicha reclamación y a su vez subrogada en todos los derechos y causas de acción a las que tiene derecho bajo los términos de la fianza o póliza contra la cual se ha interpuesto la reclamación de referencia.

Además, el Tribunal de Apelaciones resaltó que las alegaciones de la Demanda carecían de especificidad.[3] En consecuencia, concluyó que, "aun realizando una evaluación beneficiosa a la parte apelante, sus aseveraciones en la Demanda resultan insuficientes para sostener una causa de acción por fraude".

Aún en desacuerdo, y tras una *Moción de Reconsideración* que fue declarada no ha lugar, los peticionarios acudieron ante nos y señalaron que los foros *a quo* erraron al determinar que se habían configurado los elementos necesarios para aplicar la doctrina de pago en finiquito. Además, sostuvieron que dicha doctrina es incompatible con el Código de Seguros, *infra*, y su Reglamento.

El 12 de marzo de 2021, acogimos el recurso de *apelación* presentado como *certiorari* y denegamos el mismo. Asimismo, el 21 de mayo de 2021, denegamos la *Moción de Reconsideración* presentada. Sin embargo, hoy una mayoría del Tribunal acoge la *Segunda Moción de Reconsideración* presentada por los peticionarios, revoca las sentencias emitidas por los foros inferiores y devuelve el caso para que sea evaluado según lo resuelto en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, infra.

---

[3] Ello, en virtud de la Regla 7.2 de Procedimiento Civil. Dicho estatuto dispone lo siguiente:
> En todas las aseveraciones de fraude o error, las circunstancias que constituyen el fraude o error deberán exponerse detalladamente. La malicia, la intención, el conocimiento y cualquier otra actitud o estado mental de una persona puede aseverarse en términos generales. 32 LPRA Ap. V, R. 7.2.

II

Sin pretender transcribir mis expresiones en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, 2021 TSPR 73, 207 DPR ___ (2021), las cuales sostengo y hago formar parte de esta opinión, procedo a esbozar sucintamente los fundamentos de derecho aplicables a las circunstancias específicas de este caso.

La Regla 10.2 de Procedimiento Civil, 32 LPRA, Ap. V, R. 10.2., permite a la parte demandada solicitar que se desestime una acción en su contra antes de presentar la contestación a la Demanda. Entre las defensas mediante las cuales una parte puede solicitar la desestimación de la causa instada en su contra se encuentra el "dejar de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2(5) de Procedimiento Civil, *supra*. Al resolver una solicitud de desestimación fundamentada en la referida regla, el tribunal debe tomar como ciertos todos los hechos bien alegados en la Demanda y considerarlos de la manera más favorable a la parte demandante. *Colón Rivera v. ELA*, 189 DPR 1033, 1049 (2013).

De ordinario, una moción de este tipo no procede "a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación". *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012). En fin, el tribunal debe "considerar si a la luz de la situación más favorable al demandante, y resolviendo

toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida". *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994). De modo que, quien promueve la moción de desestimación tiene que demostrar que lo expuesto en la Demanda, aun dando por cierto las alegaciones allí comprendidas, no expone una reclamación válida que justifique la concesión de un remedio. Íd. Así, procederá la desestimación si la Demanda contiene hechos bien alegados y expresados de manera clara y concluyente, que no den margen a dudas. *Sánchez v. Autoridad de los Puertos*, 153 DPR 559, 569 (2001).

Finalmente, es pertinente resaltar que si en una *Moción de Desestimación* fundamentada en la Regla 10.2(5) de Procedimiento Civil, *supra*, "se exponen materias no contenidas en la alegación impugnada y estas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria". Íd.[4] Por ende, estará sujeta a todos los trámites ulteriores provistos por la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R.36, hasta su resolución final y todas las partes deberán tener oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicho Regla. Íd.

Sobre lo anterior, este Tribunal ha expresado lo siguiente:

---

[4] De igual modo, cuando se acompaña la moción de desestimación con prueba extrínseca, puede considerarse el escrito como una moción de sentencia sumaria. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., San Juan, Ed. Lexis Nexis, 2010, sec. 2606, pág. 269.

La conversión de una moción de desestimación en una de sentencia sumaria, a tenor con esta regla, puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, someten materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. El tribunal tiene plena discreción para aceptar o no, la materia evidenciaria que se acompaña. Esta discreción normalmente la ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Si de la materia ofrecida surge que el caso no se debería despachar sumariamente y que para su resolución se debería celebrar una vista en su fondo, el tribunal denegaría tanto la conversión de la moción de desestimación en una de sentencia sumaria, como la concesión de la desestimación. (Citas Omitidas). *Capeles v. Alejandro*, 143 DPR 300, 309 (1997).

## III

Los peticionarios sostienen que los foros *a quo* incidieron al determinar que se habían configurado los elementos necesarios para aplicar la figura de pago en finiquito. Además, los peticionarios alegan que el Código de Seguros de Puerto Rico no admite el pago en finiquito como método de transacción para una reclamación. Señalaron que, según lo resuelto por este Tribunal en *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615 (2009), una oferta de una aseguradora bajo la figura de pago en finiquito es ilegal toda vez que el desembolso de una aseguradora es un deber estatutario.

En primer lugar, aclaramos que distinto al caso de *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, supra, en el caso de autos no se presentó una *Moción de Sentencia Sumaria* para solicitar la desestimación de la causa

de acción en contra de USIC. En cambio, la aseguradora optó por presentar una *Moción de Desestimación* al amparo de la Regla 10.2 (5), *supra*, bajo el fundamento de que, al configurarse todos los elementos para aplicar la doctrina de pago en finiquito, los peticionarios no aducen una causa de acción que justifique la concesión de un remedio. El foro primario, aun cuando realizó determinaciones de hechos sobre las cuales no había controversia resolvió en virtud de la Regla 10.2 de Procedimiento Civil, *supra*. Considero que, al analizar los hechos específicos del caso de autos, procedía aplicar la doctrina de pago en finiquito y consecuentemente desestimar la causa de acción de los peticionarios, tal cual hicieron el foro primario y el Tribunal de Apelaciones.

Los peticionarios alegan en la Demanda que USIC subestimó las pérdidas cubiertas y pagó una cantidad menor a la que correspondía según la póliza. En primer lugar, cuando USIC recibió la reclamación de los peticionarios procedió a visitar la propiedad para realizar una evaluación y un estimado de los daños. Una vez evaluó, investigó y ajustó el estimado de daños conforme los términos y condiciones de la póliza determinó que el monto de los daños cubiertos ascendía a $20,659.75, a lo que le restó el deducible correspondiente a $10,200.00. En consecuencia, les remitió a los peticionarios un primer pago por la cantidad de $10,459.75 mediante el cheque número 5000574.[5] Por estar

---

[5] En su *Moción de Desestimación* se incluyó copia de este primer cheque emitido por USIC.

en desacuerdo, y sin haber endosado y cambiado ese primer cheque, los peticionarios solicitaron reconsideración. Junto a dicha solicitud enviaron una cotización de los daños alegados y que no fueron considerados en su evaluación inicial. Así, USIC procedió a reconsiderar su estimado inicial y determinó un nuevo estimado ascendiente a $59,554.80. A esa cantidad se le redujo el deducible de $10,200.00 más los $10,459.75 enviados mediante el primer cheque. Conforme a ello, se emitió un segundo pago por la cantidad de $38,895.05 mediante el cheque número 5009445.[6] Aún inconformes, los peticionarios solicitaron una segunda reconsideración. Investigada y evaluada la solicitud, USIC emitió un tercer pago por la cantidad de $13,080.00 mediante el cheque número 5010839, a su vez dio por cerrada la revisión de la solicitud de reconsideración emitida por los peticionarios. Todos los cheques expresaban de forma clara y legible lo siguiente:

> **LA ACEPTACIÓN Y/O ENDOSO COBRO DE ESTE CHEQUE CONSTITUYE LIQUIDACIÓN TOTAL Y DEFINITIVA DE LA RECLAMACIÓN A QUE SE HACE REFERENCIA EN LA FAZ DEL CHEQUE. EN VIRTUD DE ESTE PAGO, LA COMPAÑÍA QUEDA LIBERADA DE DICHA RECLAMACIÓN Y A SU VEZ SUROGADA EN TODOS LOS DERECHOS Y CAUSAS DE ACCIÓN A LAS QUE TIENE DERECHO BAJO LOS TÉRMINOS DE LA FIANZA O PÓLIZA CONTRA LA CUAL SE HA INTERPUESTO LA RECLAMACIÓN DE REFERENCIA.**

Así las cosas, no hay controversia en cuanto a que enviado el tercer y último cheque por parte de USIC, los peticionarios procedieron a endosar los tres cheques y a

---

[6] Dicho cheque también fue adjuntado a la *Moción de Desestimación* de USIC.

cambiarlos. Con el cheque se les remitió también el estimado de daños con el total ajustado y una notificación del cierre de la reclamación.

De un análisis de los hechos específicos del caso de autos es evidente que se configuraron los elementos necesarios para aplicar la figura de pago en finiquito. En cuanto al primer requisito los peticionarios aducen que no se cumple toda vez que la oferta emitida era una final, líquida y exigible estatutariamente. No les asiste la razón.

Este Tribunal resolvió en *Carpets & Rugs v. Tropical Reps,* supra, si una carta sobre una oferta de transacción entre una aseguradora y su beneficiario estaba sujeta a la norma de exclusión de una regla probatoria. Este Tribunal contestó en la negativa, ya que, al momento de expedirse la carta, no existía una controversia *bona fide* entre las partes. Sin embargo, los hechos reseñados no se ajustan a la controversia de autos. Nótese que los peticionarios por estar en desacuerdo con el primer cheque solicitaron reconsideración. Lo anterior conllevó que, luego de un proceso de negociación, USIC emitiera otros dos cheques a favor de los peticionarios. Es evidente que existía una controversia *bona fide* en cuanto a la valoración de los daños que fue resuelta al momento de aceptar los cheques como pago final de la reclamación. De modo que, como mencionamos en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, supra, la deuda es ilíquida e incierta hasta que las partes acuerden fijar su valor. Pues el estimado circulado por la

aseguradora no convierte la deuda en una líquida. Además, nos reiteramos en las expresiones hechas en *Feliciano Aguayo v. MAPFRE Panamerican Insurance Company*, supra, en cuanto a que el Código de Seguros no excluye la aplicación de la figura de pago en finiquito en las reclamaciones de seguros.

No hay razones para cuestionar el hecho de que, mediante el endoso de los tres cheques emitidos en reconsideración por la aseguradora, los peticionarios aceptaron el pago como uno final y definitivo finiquitando así su reclamación. Sería un contra sentido, avalar las pretensiones de los peticionarios quienes luego de aceptar los pagos, presentaron nuevamente una reclamación ante el tribunal de instancia haciendo alegaciones de mala fe por parte de USIC y de que este no quiere asumir su responsabilidad bajo la póliza. No tienen razón.

Los hechos del presente casos son claros y no dan margen a otras interpretaciones. En cambio, las alegaciones presentadas en la Demanda carecen del requisito de especificidad. Si bien es cierto que las alegaciones no tienen que contener un lenguaje técnico o exponer pormenorizadamente los detalles de su reclamo, no podemos obviar que las alegaciones de los peticionarios se limitan a exponer que no están satisfechos con lo pagado por USIC. Es decir, no mencionaron fechas, eventos esenciales ni alegaron por qué la cantidad pagada no representa la realidad de su reclamación.

Por otra parte, los peticionarios se opusieron a la *Moción de Desestimación* presentando meramente declaraciones juradas de los peticionarios, las cuales de por si tienen escaso valor probatorio, y en la cuales reiteraron que estaban en desacuerdo y aceptaron los pagos como un adelanto de su reclamación. Incluyeron, además, un estimado de daños, el cual fue preparado luego de presentada la Demanda.

Como mencionamos, al dar por cierto los hechos bien alegados en la Demanda, e interpretarlos de la manera más favorable para la parte demandante, no deberá desestimarse una causa de acción a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar.

Sin embargo, bajo las circunstancias específicas del caso de autos, es evidente que, al tener presentes todos los elementos para aplicar la doctrina de pago en finiquito, los peticionarios no ostentan una reclamación que justifique la concesión de un remedio.

IV

Por los argumentos antes expresados, disiento respetuosamente de la Sentencia emitida por el Tribunal y confirmaría la determinación del Tribunal de Apelaciones.

Mildred G. Pabón Charneco
Jueza Asociada